UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FELIX REYES-DE LEON,

    Defendant.

Criminal No. 3:03-CR-00081-13 (JAF)

**OPINION AND ORDER**

On August 25, 2005, defendant Félix Reyes-De-León was convicted, following a jury trial, before District Judge Héctor M. Laffitte, of conspiring to possess with the intent to distribute cocaine, crack cocaine, and heroin within 1,000 feet of a school and a public-housing facility in violation of 21 U.S.C. §§ 841, 846, and 860, and was sentenced to 324 months of imprisonment, followed by three years of supervised release. (ECF No. 995.) On September 8, 2008, the First Circuit Court of Appeals unanimously affirmed Reyes' conviction and sentence, rejecting his claim that, when calculating the relevant guideline-sentencing range, "the district court failed to make an individualized finding regarding the drug quantity attributable to, or foreseeable by, him." *See United States* v. *Cruz-Rodríguez*, 541 F.3d 19, 35-36 (1st Cir. 2008) (companion case). The First Circuit held that Reyes' claim "ignores the court's finding at sentencing that Reyes was 'reasonably responsible' for at least five kilograms but less than fifteen kilograms of cocaine," which finding, the Court further held, was "not plainly erroneous." *Id*.

On or about January 21, 2010, Reyes petitioned the court, under 28 U.S.C. § 2255, for a writ of habeas corpus, challenging, yet again, "the drug quantity that was attributed to [him] at sentencing." (ECF No. 1260-2 at 18-19.) On October 15, 2010, the court denied the petition on the merits. (ECF No. 1274.) As to Reyes' sentencing claim, the court ruled that he "might change the wording, but this claim was 'decided on direct appeal and may not be relitigated under a different label on collateral review'" (ECF No. 1274 at 15, quoting *United States* v. *Michaud*, 901 F.2d 5, 9 (1st Cir. 1990).) Reyes did not appeal the denial of his first habeas petition.

On or about December 10, 2015, Reyes, who is still incarcerated pursuant to the underlying judgment, filed a new petition, pro se, with the court. (ECF No. 1445.) Reyes has entitled the petition, "New law retroactive reduction in drug trafficking sentences for eligible prisoners, pro-se motion, drug quantity table in Guideline § 2D1.1." (ECF No. 1445 at A.) Based on title alone, the petition might seem to be a motion for resentencing under Amendment 782 to the United States Sentencing Guidelines. *See* U.S. Sent'g Comm'n Guidelines, Supp. to App'x C, 64-74 (Nov. 1, 2015); *see also United States* v. *Alejandro-Montañez*, 778 F.3d 352, 362 (1st Cir. 2015). The actual content of the petition, however, shows that its title is a complete misnomer.

In the petition, right after the title page, Reyes transcribes the drug-conspiracy count in the Indictment of which the jury convicted him. (ECF No. 1445 at B.) Reyes then recounts the case's pre-trial procedural history and the evidence at trial. (ECF No. 1445 at 1-3.) Next, Reyes highlights the testimony of a witness, who apparently told the grand jury that Reyes "sell[s] drugs and us[es] weapons" and that Reyes was "at war

with this housing project . . . regarding the control of the drug point." (ECF No. 1445 at 4.) According to Reyes, that testimony exculpates him because the witness "do[es]n't put one roll [sic] to [him] in the conspiracy." (ECF No. 1445 at 4.) Reyes then questions how the jury convicted him of conspiring to possess drugs and how the sentencing court attributed a quantity of drugs to him, when he had been charged only with a gun crime stemming from his alleged role as the drug-conspiracy's enforcer. (ECF No. 1445 at 4-5.) Yet, Reyes was not charged with a firearms offense, but with a drug-conspiracy offense, as the opening pages of his own petition shows. (*See* ECF No. 1445 at B; *see also* ECF No. 2 at 2-3.) At last, Reyes hones in on his sentencing claim, arguing that "the court committed a reversible error in sentencing [him] based on the conspiracy-wide drug quantity amount instead of making an individualized finding as to the amount of drug[s] specifically [attributable] to [him]." (ECF No. 1445 at 5.) On this ground alone, Reyes petitions the court for a reduced sentence under Guidelines Manual § 2D1.1. (ECF No. 1445 at 5-6.)

"We are required to construe liberally a pro se [filing]," but "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). For example, it is well-settled law that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States* v. *Lebreault-Feliz*, 807 F.3d 1, 12 (1st Cir. 2015) (quoting *United States* v. *Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)); *see also United States* v. *Nishnianidze*, 342 F.3d 6, 18 (1st Cir. 2003) (applying this rule to a pro-se defendant). Here, the court cannot construe Reyes' new filing as a motion for

resentencing under Amendment 782 because, beyond making a few brief allusions to the amendment (though never by name), the filing neither presents, nor develops, that issue; and so the court finds that the issue of an Amendment 782 resentencing has been waived. *See Nishnianidze*, 342 F.3d at 18. Instead, the filing largely rehashes the sentencing claim that the First Circuit rejected on direct appeal in 2008 and that this court rejected in Reyes' first habeas petition in 2010.

The court construes the filing as a second application for a writ of habeas corpus under 28 U.S.C. § 2255. "A federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so." *Bucci* v. *United States*, No. 13-2418, 2015 U.S. App. LEXIS 22267, at *4 (1st Cir. Dec. 21, 2015) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court."[1] *Id*. (citing 28 U.S.C. § 2255(h)). The First Circuit has "interpreted this provision as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Id*. (quoting *Trenkler* v. *United States*, 536 F.3d 85, 96 (1st Cir. 2008)). "When faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Id*. (citing *Trenkler*, 536 F.3d at 98).

---

[1] Reyes does not make any such claim in the new petition. (See ECF No. 1445.)

Nothing in the record indicates that the First Circuit has authorized Reyes to file the current petition. As a result, the court does not have jurisdiction over the petition. *Id*. Because Reyes does not allege anything that indicates that he is entitled to authorization to file the petition under 28 U.S.C. § 2255(h), the court will dismiss the petition, instead of transferring it to the First Circuit. *See id*.

In sum, the court **DISMISSES** the petition filed under ECF No. 1445 because it is plain that Reyes is "not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts (2010). After all, the petition constitutes an unauthorized second application for a writ of habeas corpus under 28 U.S.C. § 2255, over which the court does not have jurisdiction. *Bucci* at *4.

When entering a final order adverse to a habeas petitioner under 28 U.S.C. § 2255, the court must determine whether the petitioner warrants a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. The court may issue a certificate only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2*); see also Jennings* v. *Stephens*, 135 S.Ct. 793, 802 (2015). No such showing has been made here. Thus, the court will not grant Reyes a certificate. He may still seek one directly from the First Circuit under Federal Rule of Appellate Procedure 22(b)(1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of January, 2016.

                   S/José Antonio Fusté
                   JOSE ANTONIO FUSTE
                   U. S. DISTRICT JUDGE